SHIVERS, Judge.
Cargo Development, Inc. and Travelers Insurance Company (Employer/Carrier) appeal the deputy commissioner’s award of worker’s compensation temporary total disability benefits and interest to 24 year old Lorenzo Magdaleno (Claimant). We affirm in part, reverse in part, modify in part and remand.
The claimant commenced employment with Cargo Development, Inc. on July 2, 1984 and alleged a back injury occurred around July 15, 1984 when he lifted a box from the floor. He felt a heat sensation and a strain in his back at that time. Heavy lifting was a frequent and regular aspect of the claimant’s employment as a cargo loader. Claimant testified that although he felt some momentary discomfort in his back on that date, he did not know that he had injured himself at that time so he continued to work. There is conflicting testimony as to whether the claimant notified his employer of the injury. However, the claimant was examined by Dr. Basil Yates on July 20, 1984 without the knowledge or authorization of the employer. Magdaleno testified he did not report his visit to the doctor for fear of losing his job while his wife was pregnant.
On August 5, 1984 the claimant suffered a toe injury which prevented him from working until he received a medical back-to-work slip dated September 5, 1984. Around that time Magdaleno went on a three day boating trip to the Florida Keys where he strained his back. However, his back did not start to pain him until his return after September 6, 1984. While waiting to be called back to work, the pain in his back gradually grew worse. He was hospitalized for treatment during the last week of September and again in October when he was operated on for the removal of a protruded disk. Claimant reached Maximum Medical Improvement on January 30, 1985. The deputy ordered claimant to receive temporary total disability benefits from August 6, 1984 through January 30, 1985. The award of benefits from September 12, 1984 to January 30, 1985 is not an issue in this appeal.
*1116 We affirm the first three issues on appeal. First, the deputy’s finding that there was a compensable accident on or around June 15, 1984 is supported by competent substantial evidence in the record. Second, there is no evidence to support the Employer/Carrier’s contention that the deputy erroneously applied the reverse merger doctrine to support the finding of compensability. Third, there is competent substantial evidence to support the finding that the claimant properly notified his employer of his July 15, 1984 back injury pursuant to Section 440.185(1). Fla.Stat. (1983).
The fourth issue on appeal is whether competent substantial evidence supports the deputy’s finding that the claimant was temporarily and totally disabled from August 6, 1984 to September 11, 1984. Although we affirm the deputy’s finding that claimant’s back injury occurred around June 15, 1984, we also recognize that claimant continued to work until his subsequent toe injury on August 5, 1984. The record is unclear as to whether claimant received compensatory benefits for his toe injury and his resulting inability to work. To prevent double recovery, we reverse and remand this issue to the trial court for a determination of whether claimant was compensated for his toe injury. If he was, then temporary total disability benefits for the back injury were not proper for the same period. If claimant was not compensated for his toe injury, the trial court should determine whether compensation is appropriate for claimant’s back injury during that period.
As to issue five, the parties agree that the order should be modified to provide only for the payment of medical bills and hospital expenses incurred after September 25, 1984 because the claimant did not seek proper authorization until that time.
AFFIRMED in part, REVERSED in part, MODIFIED in part and REMANDED.
THOMPSON, J., concurs.
ERVIN, J., concurs and dissents with opinion.